JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-01677 DMG (PLAx) | Date | March 23, 2011 |
|---|---|---|---|

| Title | *Western Highland Mortgage Fund I v. Lawrence Fried, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO STATE COURT**

On December 9, 2010, Plaintiff Western Highland Mortgage Fund I ("Western Highland") filed a complaint in Los Angeles County Superior Court against Defendant Lawrence Fried and Doe defendants 1 through 10 for unlawful detainer. Western Highland seeks possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $100 per day starting on December 7, 2010. (Compl. at 2-3.) Western Highland demands less than $10,000 in damages. (*Id.* at 1.)

Defendant removed the case to this Court on February 25, 2011. On March 3, 2011, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded as there was no apparent basis for federal jurisdiction. On March 16, 2011, Defendant filed a response to the OSC.

In his response, Defendant argues that he has a right to relief under the "Protecting Tenants at Foreclosure Act of 2009." The complaint, however, raises no federal question and although Defendant invokes a federal statute as an apparent defense or counterclaim, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Moreover, the amount at issue is less than the $75,000 threshold required for diversity jurisdiction. Because Defendant has failed to identify a legitimate basis for federal jurisdiction, removal was improper.

In addition, it appears that Defendant's notice of removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Plaintiff filed a motion to quash service on January 10, 2011, which the state court denied on the same day. (*See* Notice of Removal, Attachment.) Defendant did not file the notice of removal in this case, however, until more than 30 days after appearing in state court. Defendant contends that he originally removed a related action, Case No. CV 11-0558, on January 19, 2011, which would have been a timely removal. The case was closed, however,

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 11-01677 DMG (PLAx)**                                         Date   March 23, 2011

Title   *Western Highland Mortgage Fund I v. Lawrence Fried, et al.*          Page   2 of 2

after Defendant's request for leave to proceed *in forma pauperis* was denied and Defendant, thereafter, was not given an opportunity to tender the appropriate filing fee but was informed by the Clerk's Office that he must file an entirely new case. (Response at 2.) While this may explain why Plaintiff's removal is untimely, it does not overcome any of the other defects in federal jurisdiction identified above.

In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**